**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

MOTION INFORMATION STATEMENT

Docket Number(s): 26-1422

Caption [use short title]

Motion for: Consolidate Related Proceedings
and Place Them in Abeyance.

New York State Department of Environmental Conservation, Petitioner,

v.

Federal Energy Regulatory Commission, Respondent

Set forth below precise, complete statement of relief sought:

Petition New York State Department of Environmental Conservation moves this Court (1) to consolidate this proceeding with Case Nos. 26-1387 and 26-1437 and (2) to hold the consolidated proceedings in abeyance until respondent Federal Energy Regulatory Commission acts on the merits of related petitions filed in its administrative dockets.

MOVING PARTY: New York State Department of Environmental Conservation    OPPOSING PARTY: Federal Energy Regulatory Commission

- ☑ Plaintiff      ☐ Defendant
- ☐ Appellant/Petitioner      ☐ Appellee/Respondent

MOVING ATTORNEY: Brian Lusignan    OPPOSING ATTORNEY: Robert Solomon

[name of attorney, with firm, address, phone number and e-mail]

Assistant Solicitor General

Office of the Attorney General of the State of New York

The Capitol, Albany NY 12224; (518) 776-2399; brian.lusignan@ag.ny.gov

Solicitor, Federal Energy Regulatory Commission

888 First Street NE, Room 101:01, Washington, DC 20426

(202)502-8257; robert.solomon@ferc.gov

Court- Judge/ Agency appealed from: Federal Energy Regulatory Commission

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain): _____

Opposing counsel's position on motion:
☑ Unopposed ☑ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☑ Yes  ☐ No  ☐ Don't Know
   FERC does not oppose consolidation, but opposes abeyance.

Is the oral argument on motion requested?   ☐ Yes  ☑ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?   ☐ Yes  ☑ No  If yes, enter date: _____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has this request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this court?   ☐ Yes ☐ No

Requested return date and explanation of emergency: _____

**Signature of Moving Attorney:**

/S/ Brian Lusignan    Date: June 9, 2026    Service : ☑ Electronic  ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

| | |
|---|---|
| NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, <br><br> *Petitioner*, <br><br> v. <br><br> FEDERAL ENERGY REGULATORY COMMISSION, <br><br> *Respondent*. | Case No. 26-1422 <br><br> FERC Docket Nos. <br> CP14-499 <br> CP13-502 <br> CP18-5 |

**MOTION TO CONSOLIDATE RELATED PROCEEDINGS AND
PLACE THEM IN ABEYANCE**

Petitioner New York State Department of Environmental Conservation (NYSDEC) moves this Court pursuant to Federal Rule of Appellate Procedure 27 and Second Circuit Local Rule 27.1 to consolidate this proceeding with Case Nos. 26-1387 and 26-1437 and to hold the consolidated proceedings in abeyance until respondent Federal Energy Regulatory Commission (FERC) acts on the merits of the related petitions filed in administrative dockets CP13-499, CP13-502, and CP18-5. At that point, the parties will, within 30 days, file motions to govern further proceedings. Consolidation is appropriate because all three proceedings challenge the same administrative order of respondent FERC. Abeyance will conserve the

resources of the court and the parties, because ongoing administrative proceedings before FERC may obviate the need for judicial review of the FERC orders at issue in these proceedings. Counsel for petitioners in all three cases agree that consolidation and abeyance are appropriate. Counsel for FERC advises that FERC does not oppose consolidation of the proceedings, but does oppose holding the consolidated proceedings in abeyance.

## BACKGROUND

### A. Prior Litigation Over the Constitution Pipeline Project

In 2014, FERC issued certificates of public convenience and necessity to Constitution Pipeline Co., LLC, and Iroquois Gas Transmission, L.P., authorizing the construction in New York State of a 100-mile-long natural gas pipeline, compressor station, and related facilities. *See* Order Issuing Certificates and Approving Abandonment, *Constitution Pipeline Co., LLC & Iroquois Gas Transmission System, L.P.*, Docket Nos. CP13-499 & CP13-502, 149 FERC ¶ 61,199 (Dec. 2, 2014), *reh'g denied* 154 FERC ¶ 61,046 (2016), *vacated by* Order, *New York State Dep't of Envt'l Conservation v. FERC*, Case No. 19-4338, Doc. No. 166 (2d Cir. November 18, 2021). Various community and environmental groups petitioned this Court for review of the certification order. *See* Petition for Review, *Catskill Mountainkeeper, Inc., et al. v. FERC*, 2d Cir. No. 16-345, Doc. No. 1 (Feb. 5, 2016); Petition for Review, *Stop the Pipeline v. FERC*, 2d Cir. No. 16-361, Doc. No. 1 (Feb.

5, 2016). The proceedings were consolidated, fully briefed, and scheduled for oral argument in October 2017. *See* Case Calendaring Notice, *Catskill Mountainkeeper, Inc., et al. v. FERC,* Case No. 16-345, Doc. No.258 (2d Cir. June 12, 2017). But this Court repeatedly deferred oral argument, in part at FERC's request, pending the outcome of related litigation and administrative proceedings. *See* Orders, *id.*, Doc. Nos. 275, 293, 314.

While the proceedings challenging the certificates order were pending, NYSDEC denied Constitution's application for a water-quality certification pursuant to Section 401 of the Clean Water Act, 33 U.S.C. § 1341. NYSDEC concluded that Constitution had failed "to address the significant water resource impacts that could occur" from the pipeline project or "to provide sufficient information to demonstrate compliance with New York State water quality standards." *Constitution Pipeline Co. v. New York State Dep't of Evnt'l Conservation*, 868 F.3d 87, 96 (2d Cir. 2017), *cert. denied* 584 U.S. 962 (2018). This Court affirmed the Department's denial of Constitution's application on the merits, but declined to resolve whether the Department had "waived" its authority to deny the certification by allowing Constitution to withdraw and resubmit its application to avoid a denial of the application.. *Id.* at 99-103 (citing 33 U.S.C. § 1341(a)(1)). The U.S. Supreme Court declined to review this Court's decision. *See* 584 U.S. at 962.

3

Having failed to overturn NYSDEC's denial on the merits, Constitution petitioned FERC, on a new docket (CP18-5), for an order allowing it to construct the pipeline project without a water-quality certification from New York on the theory that New York had waived its water-quality certification authority. *See* Order on Petition for Declaratory Order, *Constitution Pipeline Co., LLC*, Docket No. CP18-5, 162 FERC ¶ 61,014, at ¶1 (Jan. 11, 2018), *reh'g denied* 164 FERC ¶ 61,029 (July 19, 2018), *pet. for review remanded*, Order, *Constitution Pipeline Co., LLC v. FERC*, Docket No. 18-1251 (D.C. Cir. Feb. 28, 2019). FERC initially rejected Constitution's waiver claim, 162 FERC ¶ 61,014, at ¶23, and denied Constitution's request for rehearing, 164 FERC ¶ 61,029, at ¶2.

Constitution petitioned for review of FERC's decision in the D.C. Circuit Court of Appeals. *See* Pet. for Review, *Constitution Pipeline Co., LLC v. FERC*, Case No. 18-1251 (D.C. Cir. Sept. 14, 2018). But FERC thereafter asked the D.C. Circuit to place that proceeding in abeyance pending resolution of litigation before that court in *Hoopa Valley Tribe v. FERC*, a separate proceeding involving the interpretation of Section 401's waiver provision. *See* FERC's Motion to Hold Proceeding in Abeyance, *id.*, Doc. No. 1756389 (Oct. 22, 2018); Order, *id.*, Doc. No.1758585 (D.C. Cir. Nov. 5, 2018). The D.C. Circuit subsequently ruled in *Hoopa Valley* that Section 401 water-quality certification had been waived based on the particularly egregious facts of that case. *See Hoopa Valley Tribe v. FERC*, 913 F.3d 1099 (D.C.

4

Cir. 2019), *cert. denied* 589 U.S. 1117 (2019). FERC thereupon requested, and the D.C. Circuit agreed, to remand the matter for reconsideration in light of the *Hoopa Valley* decision. *See* Order, *Constitution Pipeline*, Case No. 18-1251, at Doc. No.1775259 (Feb. 28, 2019).

Upon remand, FERC reversed course, concluding that NYSDEC had waived its authority to issue or deny a water-quality certification. *See* Order on Voluntary Remand, *Constitution Pipeline Co., LLC*, Docket No. CP18-5, 168 FERC ¶ 61,129, at ¶ 1 (Aug. 28, 2019), *reh'g denied* 169 FERC ¶ 61,199 (Dec. 12, 2019), *vacated by* Order, Case No. 19-4338, Doc. No.161 (2d Cir. November 18, 2021). After FERC denied rehearing, 169 FERC ¶ 61,199, NYSDEC petitioned this Court for review of the waiver order. *See* Pet. for Review, *New York State Dep't of Envt'l Conservation v. FERC*, 2d Cir. No. 19-4338 (Dec. 30, 2019). The various environmental groups and community organizations that had challenged FERC's certificate order also petitioned for review of the waiver order. *See Stop the Pipeline v. FERC*, 2d Cir. No. 20-158; *Catskill Mountainkeeper, et al. v. FERC*, 2d Cir. No. 20-208. This Court consolidated the three proceedings challenging FERC's waiver order. *See* Order, *New York State Dep't of Envt'l Conservation v. FERC*, 2d Cir. No. 19-4338, Doc. No. 37 (Feb. 14, 2020).

Thereafter, FERC moved to dismiss the proceedings challenging the certification order and the waiver order as moot because Constitution and Iroquois

5

had announced they had cancelled the project and allowed their FERC certifications to lapse. *See* Mot. to Dismiss, *New York State Dep't of Envt'l Conservation v. Federal Energy Regulatory Comm'n*, 2d Cir. No. 19-4338, Doc. No. 111 (Jan. 25, 2021); Mot. to Dismiss, *Catskill Mountainkeeper v. Federal Energy Regulatory Comm'n*, 2d Cir. No. 16-345, Doc. No. 414 (Jan. 26, 2021). According to FERC, the matters were moot because the pipeline "is not being constructed"; Constitution had "concluded regulatory proceedings relating to the cancelled pipeline"; and FERC's "deadline for completion of the project" had expired with "no requests for an extension pending in the agency docket." *Id.* at 5. Thus, according to FERC, any decision by the Court regarding the validity of the certificate and waiver orders would be an advisory opinion. *Id.*

NYSDEC did not oppose FERC's motion, with the express understanding that because the certificate order had expired, "any future attempt to develop the pipeline would require a new water-quality review" by NYSDEC under Section 401 of the Clean Water Act, and the 2019 waiver order could "no longer be relied upon to preclude such review." NYSDEC's Response to FERC's Motion to Dismiss, *NYSDEC v. FERC*, Case No. 19-4338, Doc. No. 120, at 4 (Feb. 1, 2021). Similarly, the environmental groups did not oppose FERC's motion to dismiss, with the understanding that the expiration of the certificate order meant that "any attempt to

6

revive the pipeline would require a new" application for a certificate of public convenience and necessity. *Id.*, Doc. No. 128, at 1 (Feb. 4, 2021).

Stop the Pipeline opposed FERC's motion to dismiss, expressing concern that FERC's "statement that the Certificate Order has lapsed does not mean it cannot be revived." *Id.*, Doc. No. 128, at 16 (Feb. 4, 2021). To avoid the possibility of the pipeline's revival, Stop the Pipeline cross-moved to vacate the certificate and waiver orders. *See id.* Doc. No. 126. In subsequent briefing over whether this Court should vacate the challenged orders or simply remand the matter to FERC, Constitution urged the Court to vacate the orders to avoid "additional, unnecessary appeals" and assured the Court and the parties that Constitution could not "revive its pipeline project under that authorization." Case No. 16-345, Doc. No. 468, at 2 (Nov. 12, 2021); *accord id.* at 6. Only FERC opposed vacatur of the orders, seeking to keep the waiver order on the books as "agency precedent." FERC Letter Br., Case No. 19-4338, Doc. No.148, at 2 (May 17, 2021).

On November 18, 2021, this Court issued an order in these consolidated proceedings dismissing the consolidated petitions as moot, vacating the FERC orders at issue and remanding to FERC with instructions to dismiss the underlying agency proceedings. *See* Order, Case No. 16-345, Doc. No. 479, Case No. 19-4338, Doc. No. 161 (2d Cir. November 18, 2021). The Court's mandate issued in January

2022. *See* Mandate, Case No. 16-345, Doc. No. 484, Case No. 19-4338, Doc.#168 (2d Cir. Jan. 10, 2022) (Attachment A).

## B. This Litigation Over the Constitution Pipeline Project.

Almost four years later, with FERC having taken no action on this Court's remand, Constitution filed on the administrative dockets of the proceedings that this Court ordered dismissed (CP13-499 and CP18-5) a petition asking FERC to reinstate approval of the project in reliance on the very orders that this Court vacated in 2022. Specifically, Constitution's petition asked FERC to "reissue" its certification order and "reaffirm" its waiver order. *See* Petition of Constitution Pipeline Co., LLC for Reissuance of Certificate and Reaffirmance of Waiver Determination, *Constitution Pipeline Co., LLC*, CP13-499 & CP18-5, Accession No. 20251219-5626 (Dec. 19, 2025)[1]. FERC publicly noticed Constitution's petition and solicited comments, protests, and interventions on the merits of it. *See* 91 Fed. Reg. 1311 (Jan. 13, 2026). Thereafter, Iroquois similarly filed on administrative docket CP13-502 a petition asking FERC to once again approve its planned compressor station in reliance upon the vacated certification order. *See* Petition of Iroquois Gas Transmission System,

---

[1] *Available at* https://elibrary.ferc.gov/eLibrary/docinfo?accession_number=20251219-5626&sid=42721372-e745-4168-807a-d04b682a98bf

8

L.P., for Expedited Reissuance of Certificate Authority, *Iroquois Gas Transmission Sys., L.P.*, CP13-502, Accession No. 20260213-5321 (Feb 13, 2026)[2].

Concerned that FERC was reviewing the merits of Constitution's petition to "reissue" and "reaffirm" the orders this Court vacated in 2022 and as part of the same administrative proceedings this Court directed FERC to dismiss, NYSDEC, along with the other parties to the Second Circuit litigation, submitted letters objecting to FERC's consideration of the merits of Constitution's petition as part of the administrative proceedings this Court directed FERC to dismiss. In response, FERC issued an "Order on Remand" purporting to "confirm" that the agency proceedings subject to the Second Circuit's mandate "are dismissed," while simultaneously agreeing to consider whether to "reissue" or "reaffirm" the orders vacated by this Court, on the same administrative dockets (CP13-499, CP13-502, and CP18-5). *See* Order on Remand, *Constitution Pipeline Co., LLC & Iroquois Gas Transmission Sys., L.P.*, CP13-499, CP13-502, CP18-5, 194 FERC ¶ 61,064 at 4-5 (Jan. 23, 2026) (attached as Exhibit A to Petition for Review). According to FERC, this Court's 2022 mandate did not prevent it from considering the new petitions on the existing administrative dockets (albeit on "*new* subdockets") as part of FERC's "broad

---

[2] *Available at*
https://elibrary.ferc.gov/eLibrary/docinfo?accession_number=20260213-5321&sid=42721372-e745-4168-807a-d04b682a98bf

9

discretion" to manage its docket, even with respect to "ministerial judgments." *Id.* at 5-6.

NYSDEC sought rehearing on FERC's Order on Remand, arguing that FERC was "elevating form over substance" by focusing on the dockets and subdockets on which the new petitions had been filed, rather than on the substance of this Court's 2022 mandate. *See* NYSDEC, Request for Rehearing on Order on Remand, *Constitution Pipeline Co & Iroquois Gas Transmission Sys., L.P., LLC*, Docket Nos. CP13-499, CP13-502, CP18-5, Accession No. 20260220-5285 (Feb. 202, 2026)[3]. NYSDEC argued that this Court's 2022 mandate precluded FERC from taking any action on the merits of Constitution's request to approve its pipeline project in reliance on the orders vacated by this Court. *See id.* To ensure that NYSDEC's objections to FERC's actions were fully documented and preserved, NYSDEC also filed a notice of intervention, motion to dismiss, protest, and answer in opposition to Constitution's 2025 petition, in which it made some of the same arguments raised in the rehearing request. *See* NYSDEC, Notice of Intervention, Motion to Dismiss, Protest, and Answer in Opposition to Petition for Reissuance of Certificate and Reaffirmance of Waiver Determinations, *Constitution Pipeline Co., LLC*, Docket Nos. CP13-499, CP13-502, CP18-5, Accession No. 20260128-5062 (Jan. 28,

---

[3] *Available at*
https://elibrary.ferc.gov/eLibrary/docinfo?accession_number=20260220-5285&sid=42721372-e745-4168-807a-d04b682a98bf

2026)[4]. FERC has yet to act on NYSDEC's objections to the merits of Constitution's petition.

NYSDEC's request for rehearing was denied by operation of law on or about March 26, 2026. Notice of Denial of Rehearing by Operation of Law and Providing Further for Further Consideration, *Constitution Pipeline Co., LLC & Iroquois Gas Transmission Sys., L.P.*, Docket Nos. CP13-499, CP13-502, CP18-5, 194 FERC ¶ 62,146 (March 26, 2026) (attached as Exhibit B to Petition for Review). FERC purported to dismiss the rehearing request on May 19, 2026. Order Dismissing Requests for Rehearing, *Constitution Pipeline Co., LLC & Iroquois Gas Transmission Sys., L.P.*, Docket Nos. CP13-499, CP13-502, CP18-5, 195 FERC ¶ 61,116 (May 19, 2026) (attached as Exhibit C to Petition for Review). In dismissing the request for rehearing, FERC asserted that NYSDEC was not aggrieved by the order on remand because the order "simply confirmed that the prior proceedings" were "dismissed," and did not purport to pre-judge the merits of the newly filed petitions. *Id.* at 3, 6. But FERC simultaneously asserted that the order on remand, despite purporting to dismiss the prior administrative proceedings, was non-final and thus not subject to rehearing at all. *Id.* at 6-7. And FERC made no attempt to grapple with the substance of NYSDEC's request for rehearing—that this Court's

---

[4] *Available at*
https://elibrary.ferc.gov/eLibrary/docinfo?accession_number=20260128-5062&sid=42721372-e745-4168-807a-d04b682a98bf

2022 mandate precluded FERC from authorizing the pipeline project in reliance on the vacated orders—instead asserting that this Court's 2022 mandate did not "forbid" FERC "from giving consideration to a new filing." *Id.* at 9.

NYSDEC timely commenced this proceeding pursuant to 15 U.S.C. § 717r challenging FERC's Order on Remand. The other petitioners in the prior litigation over FERC's certification and waiver orders likewise timely commenced proceedings challenging the Order on Remand and related orders, in Case Nos. 26-1387 and 26-1437.

## ARGUMENT

### A. The Three Proceedings Challenging the Same FERC Order Should be Consolidated.

Petitioners in Case Nos. 26-1387, 26-1422, and 26-1422 are all challenging FERC's Order on Remand, as well as the related rehearing orders. The proceedings are likely to raise similar legal issues. To provide for an orderly consideration of the related proceedings and avoid inconsistent results and a waste of judicial resources, the three proceedings should be consolidated. Indeed, this Court previously consolidated petitions for review filed by the same parties related to the same project. *See* Order, *New York State Dep't of Envt'l Conservation v. FERC*, 2d Cir. No. 19-4338, Doc. No. 37 (Feb. 14, 2020). Counsel for FERC does not object to this relief.

## B. The Three Proceedings Should Be Held in Abeyance Until FERC Issues an Order on the Merits of the Recent Petitions.

This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In exercising its discretion, the Court is to "weigh competing interests and maintain an even balance" between judicial economy and any hardship to the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). This Court often holds cases in abeyance if administrative proceedings that could affect those proceeding remain ongoing. *See e.g. Washington v. Barr*, 925 F.3d 109, 121-122 (2d Cir. 2019); *Bernstein v. Universal Pictures, Inc.*, 517 F.2d 976, 981 (2d Cir. 1975); *Milbank v. Duggan*, 131 F.2d 898, 899 (2d Cir. 1942) (L. Hand, J.).

An abeyance at this stage will promote judicial economy and conserve the parties' resources, without prejudicing any party. Petitioners maintain that this Court's 2022 mandate precludes FERC from considering the petitions to revive the pipeline project in reliance on the orders this Court vacated. *See, e.g.,* Request for Rehearing, *supra*. Thus, to the extent FERC's Order on Remand contemplates further consideration of the merits of Constitution's and Iroquois's recent petitions, FERC is proceeding—or is poised to proceed—in excess of its jurisdiction. However, FERC asserts that it is not "pre-judging the merits" of the petitions (although it never explains what judgment on the merits it could make that would not transgress this Court's 2022 mandate). 194 FERC ¶ 61,064, at 3; 195 FERC

13

¶ 61,116, at 8. NYSDEC—along with many other parties—have raised various objections to the petitions that could result in FERC declining to revive the pipeline project. *See, e.g.,* Notice of Intervention, Motion to Dismiss, Protest, and Answer in Opposition to Petition for Reissuance of Certificate and Reaffirmance of Waiver Determinations, *supra*. Those objections remain pending before FERC, and it remains possible that FERC will deny the petitions. In that event, the need for judicial review of the Order on Remand would be obviated. And if, on the other hand, FERC grants the petitions in whole or in part, and thereafter denies rehearing, the inevitable petitions for review that would be filed in this Court could be consolidated with these petitions. Either way, placing these consolidated proceedings in abeyance would thus avoid an unnecessary waste of the parties' and this Court's resources on an issue that may ultimately become moot. That approach would also be consistent the approach of many other courts reviewing proceedings challenging FERC orders where ongoing administrative proceedings might affect those proceedings. *See El Paso Natural Gas Co., LLC v. FERC*, 966 F.3d 842, 848 (D.C. Cir. 2020); *El Paso Electric Co. v. FERC*, 832 F.3d 495, 502-503 (5th Cir. 2016); *Southern Cal. Edison Co. v. FERC*, 603 F.3d 996, 998 (D.C. Cir. 2010); *Energie Group, LCC v. FERC*, 511 F.3d 161, 163 (D.C. Cir. 2007).

Nor would any party be prejudiced by placing these proceedings in abeyance. FERC would retain the right to raise any jurisdictional or other objection to these

14

proceedings, either through a motion to dismiss or in its merits brief, once the matter is removed from abeyance. Petitioners are not at this point seeking any relief that would interfere in FERC's ongoing consideration of the petitions seeking to revive the pipeline project. And placing these proceedings in abeyance while proceedings that could affect the outcome remain pending would be consistent with FERC's approach to prior litigation, including over this pipeline. Indeed, one of the reasons FERC's 2014 certification order was never reviewed on the merits, despite being fully briefed and ready for oral argument in October 2017, *see* Case Calendaring Notice, *Catskill Mountainkeeper, Inc., et al. v. FERC,* Case No. 16-345, Doc. No.258 (2d Cir. June 12, 2017), was because FERC repeatedly urged this Court to defer judicial review while it considered Constitution's request for a finding of waiver under section 401 of the Clean Water Act, 33 U.S.C. § 1341. *See* Orders, *id.*, Doc. Nos. 293, 314. Likewise, after Constitution petitioned the D.C. Circuit for review of FERC's order finding that NYSDEC did not waive its authority under section 401, FERC succeeded in having the proceeding placed in abeyance pending the outcome of another case. *See* Order, *Constitution Pipeline,* Case No. 18-1251, at Doc. No. 1775259 (Feb. 28, 2019). And FERC has often asked courts to hold other proceedings in abeyance pending the outcome of related administrative proceedings. *See, e.g., El Paso Electric Co.*, 832 F.3d at 502-503; FERC's Motion to Hold Case in Abeyance, *NorthWestern Corp. v. Federal Energy Regulatory Comm'n*, D.C. Cir.

15

No. 22-1055, Doc. No. 1944779 (April 28, 2022); Statement of Respondent FERC, *Illinois Commerce Comm'n v. FERC*, 7th Cir. No. 20-1645, Doc. No. 98 (Dec. 14, 2020); FERC's Motion to Hold Case in Abeyance, *People of the State of N.Y. v. Federal Energy Regulatory Comm'n*, 2d Cir. No. 13-2316ag, Doc. No. 35 (July 19, 2013). This Court should follow the same approach here.

Nor would abeyance be indefinite. Once FERC acts on the merits of the recently filed petitions in administrative dockets CP13-499, CP13-502, and CP18-5, the parties will file—jointly if possible, separately if necessary—motions to govern further proceedings within 30 days. Thus, the abeyance would only last as long as FERC's review of the merits of the recent petitions remains pending.

WHEREFORE, this motion requests that this Court (1) consolidates Case Nos. 26-1387, 26-1422, and 26-1437 and (2) hold the consolidated cases and all associated deadlines in abeyance until FERC issues an order or orders on the merits of the petitions pending in administrative dockets CP13-499, CP13-502 and CP18-5, at which point the parties will, within 30 days, file motions to govern further proceedings.

Respectfully submitted,

LETITIA JAMES
 *Attorney General*
 *State of New York*
 Attorney for Petitioner

By:  */s/ Brian Lusignan*
  BRIAN LUSIGNAN

BARBARA D. UNDERWOOD                         Assistant Solicitor General
 *Solicitor General*
ANDREA OSER                                  The Capitol
 *Deputy Solicitor General*                  Albany, New York 12224
BRIAN LUSIGNAN                               (518) 776-2399
 *Assistant Solicitor General*
   *of Counsel*

17

# EXHIBIT A

# MANDATE

FERC
CP18-5-000
CP18-5-001
CP18-5-002
CP18-5-003
CP13-499-000
CP13-499-001
CP13-502-000
CP13-502-001

## United States Court of Appeals
FOR THE
SECOND CIRCUIT

————————————

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand twenty-one.

Present:

Debra Ann Livingston,
*Chief Judge,*
John M. Walker, Jr.,
Richard C. Wesley,
*Circuit Judges.*

———————————————————————————————

New York State Department of Environmental Conservation, et al.,

*Petitioners*,

v.

Federal Energy Regulatory Commission,

*Respondent*.

19-4338 (L),
20-158 (Con),
20-208 (Con)

———————————————————————————————

Catskill Mountainkeeper, Inc., et al.,

*Petitioners*,

v.

16-345 (L),
16-361 (Con)

## MANDATE ISSUED ON 1/10/2022

Federal Energy Regulatory Commission,

*Respondent*,

Constitution Pipeline Company, LLC, et al.,

*Intervenors*.

---

The above-captioned proceedings are consolidated for purposes of this order. Respondent moves to dismiss as moot these petitions for review; Petitioner Stop the Pipeline moves to dismiss the petitions docketed in 2d Cir. 19-4338, 20-158, and 20-208 for lack of jurisdiction, and moves for vacatur of the underlying agency orders. Environmental & Natural Resources Law Clinic of Widener University Delaware Law School moves to file an amicus brief. Upon due consideration, it is hereby ORDERED that Respondent's motions to dismiss are GRANTED and Stop the Pipeline's motions to dismiss for lack of jurisdiction are DENIED as moot. It is further ORDERED that Stop the Pipeline's motions for vacatur are GRANTED, the underlying agency orders are VACATED, and the cases are REMANDED with instructions to dismiss the agency proceedings. *Lamar Advert. of Penn, LLC v. Town of Orchard Park, New York*, 356 F.3d 365, 375 (2d Cir. 2004) ("The voluntary cessation of allegedly illegal conduct usually will render a case moot if the defendant can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." (internal quotation marks omitted)); *Radiofone, Inc. v. Fed. Commc'ns Comm'n*, 759 F.2d 936, 940–41 (D.C. Cir. 1985) (finding vacatur appropriate where agency order was "moot for a reason that deprives the agency action of all operative effect"); *see Bragger v. Trinity Capital Enter. Corp.*, 30 F.3d 14, 17 (2d Cir. 1994) ("When a civil case becomes moot while an appeal is pending, it is the general practice of an appellate court to vacate the unreviewed judgment granted in the court below and remand the case to that court with directions to dismiss it.") (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39–40 (1950)). Finally, it is ORDERED that the motion to file an amicus brief is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk

United States Court of Appeals, Second Circuit

2