# Case No. 26-1422

# United States Court of Appeals for the Second Circuit

NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION,

*Petitioner,*

v.

FEDERAL ENERGY REGULATORY COMMISSION,

*Respondent,*

## PETITIONER'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

|  |  |
|---|---|
|  | LETITIA JAMES<br>  *Attorney General*<br>  *State of New York*<br>Attorney for Petitioner |
| ANDREA OSER<br> *Deputy Solicitor General*<br>FREDERICK A. BRODIE<br> *Assistant Solicitor General*<br>   *of Counsel* | The Capitol<br>Albany, New York 12224<br>(518) 776-2317<br><br>Dated: July 27, 2026 |

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................ii

PRELIMINARY STATEMENT ............................................................ 1

BACKGROUND ................................................................................. 2

    A.   Prior Litigation Over the Constitution Pipeline Project .......... 2

    B.   Constitution's 2025 Petition to Revive the Pipeline
        Project and the Present Petition by DEC ................................. 8

ARGUMENT

POINT I

THE PETITION IS NOT PREMATURE BUT, SHOULD THE COURT HAVE
DOUBTS, THE PETITION SHOULD BE HELD IN ABEYANCE ...................... 13

POINT II

FERC'S ARGUMENTS FOR DISMISSAL SHOULD BE REJECTED ............... 17

    A.   DEC Is Aggrieved by the Order on Remand. ........................ 17

    B.   DEC Has Standing to Bring the Petition. ............................. 19

    C.   FERC's Failure to Comply with this Court's Dismissal
        Order and Mandate Is Sufficiently Final to Warrant
        Judicial Review. ................................................................... 20

CONCLUSION .................................................................................. 24

CERTIFICATE OF COMPLIANCE

i

# TABLE OF AUTHORITIES

**Cases**                                                      **Page(s)**

*ANR Pipeline Co. v. FERC,*
   771 F.2d 507 (D.C. Cir. 1985) ................................................................ 17

*Briggs v. Pennsylvania R. Co.,*
   334 U.S. 304 (1948) ................................................................................. 15

*Constitution Pipeline Co. v. New York State Dep't of Evnt'l Conservation,*
   868 F.3d 87 (2d Cir. 2017) .................................................................... 3-4

*Hoopa Valley Tribe v. FERC,*
   913 F.3d 1099 (D.C. Cir. 2019) .............................................................. 4

*Knight First Amendment Inst. v. U.S. Citizenship & Immigration Servs.,*
   30 F.4th 318 (2d Cir. 2022) .................................................................. 21

*Monsanto Co. v. Geertson Seed Farms,*
   561 U.S. 139 (2010) ................................................................................. 20

*N. Car. Utils. Comm'n v. FERC,*
   653 F.2d 655 (D.C. Cir. 1981) .............................................................. 17

*Northwestern Pub. Serv. Co. v. Fed. Power Comm'n,*
   520 F.2d 454 (D.C. Cir. 1975) .............................................................. 17

*Office of Consumer Counsel v. FERC,*
   826 F.2d 1136 (D.C. Cir. 1987) ............................................................ 15

*People v. Operation Rescue Nat.,*
   80 F.3d 64 (2d Cir. 1996) ...................................................................... 20

*Pub. Utilities Comm'n of Cal. v. FERC,*
   894 F.2d 1372 (D.C. Cir. 1990) ............................................................ 22

*Radiofone, Inc. v. Fed. Commc'ns Comm'n,*
   759 F.2d 936 (D.C. Cir. 1985) ................................................................ 7

| **Cases** | **Page(s)** |
| --- | --- |

*Romag Fasteners, Inc. v. Fossil, Inc.*,
    590 U.S. 212 (2020)........................................................................21

*Statek Corp. v. Dev. Specialists, Inc. (In re Coudert Bros., LLP)*,
    809 F.3d 94 (2d Cir. 2015) ..........................................................15

*United States v. Munsingwear, Inc.*,
    340 U.S. 36 (1950)...........................................................................1

**Federal Statutes**

5 U.S.C.
    § 704 ................................................................................................21

15 U.S.C.
    § 717r(a) ..........................................................................................21
    § 717r(b) .............................................................................. 17, 20-22

**State Statutes**

Environmental Conservation Law
    § 3-0301(1)(b) .................................................................................18

**Miscellaneous Authorities**

Broderick, John letter to Robert H. Solomon, *Constitution
    Pipeline Co., LLC & Iroquois Gas Transmission Sys., LP*,
    Docket Nos. CP13-499, CP13-502, CP18-5, Accession
    No.20260114-5019 (Jan. 14, 2026), *available at*
    https://elibrary.ferc.gov/eLibrary/docinfo?accession_number=
    20260114-5019&sid=c9de0367-13de-46a2-ae3e-
    846e21740714 (last visited July 20, 2026) .........................................9

*Constitution Pipeline Co., LLC*, Notice of Petition and
    Establishing Intervention Deadline, 91 Fed. Reg. 1311 (Jan.
    13, 2026).............................................................................................9

iii

**Miscellaneous Authorities** **Page(s)**

Nasmith, Moneen letter to Robert H. Solomon, *Constitution
Pipeline Co., LLC & Iroquois Gas Transmission Sys., LP*,
Docket Nos. CP13-499, CP13-502, CP18-5, Accession No.
20260116-5126 (Jan. 16, 2026), *available at*
https://elibrary.ferc.gov/eLibrary/docinfo?accession_number=
20260116-5126&sid=7d3fda8d-0cf9-4144-8507-ada4ae8f2689
(last visited July 20, 2026)...................................................................9

Notice of Intervention, Motion to Dismiss, Protest, and Answer
in Opposition to Petition for Reissuance of Certificate and
Reaffirmance of Waiver Determinations, *Constitution
Pipeline Co., LLC*, Docket Nos. CP13-499, CP18-5, Accession
No. 20260128-5062 (Jan. 28, 2026), *available at*
https://elibrary.ferc.gov/eLibrary/docinfo?accession_number=
20260128-5062&sid=42721372-e745-4168-807a-
d04b682a98bf.....................................................................................11

Ommen, Todd D. letter to Robert H. Solomon, *Constitution
Pipeline Co., LLC & Iroquois Gas Transmission Sys., LP*,
Docket Nos. CP13-499, CP13-502, CP18-5, Accession No.
20260115-5008 (Jan. 15, 2026), *available at*
https://elibrary.ferc.gov/eLibrary/docinfo?accession_number=
20260115-5008&sid=5a172efe-7ee5-40a4-a6c1-206569b1a2ef
(last visited July 20, 2026)...................................................................9

Order Establishing Procedures Relating to Tariffs Filed
Electronically, 130 FERC ¶ 61047 (2010) .........................................14

Order Issuing Certificates and Approving Abandonment, 149
FERC ¶ 61,199 (Dec. 2, 2014)..............................................................3

Order Denying Rehearing, 164 FERC ¶ 61,029 (July 19, 2018)..............4

Order on Petition for Declaratory Order, 162 FERC ¶ 61,014
(Jan. 11, 2018)......................................................................................4

Order on Voluntary Remand, 168 FERC ¶ 61,129 (Aug. 28,
2019), (2d Cir. November 18, 2021).....................................................4

| **Miscellaneous Authorities** | **Page(s)** |
|---|---|

Petition of Constitution Pipeline Co., LLC for Reissuance of
   Certificate and Reaffirmance of Waiver Determination,
   *Constitution Pipeline Co., LLC*, CP13-499 & CP18-5,
   Accession No. 20251219-5626 (Dec. 19, 2025), *available at*
   https://elibrary.ferc.gov/eLibrary/docinfo?accession_number=
   20251219-5626&sid=42721372-e745-4168-807a-
   d04b682a98bf (last visited July 17, 2026)..............................8

Petition of Iroquois Gas Transmission System, L.P. for
   Expedited Reissuance of Certificate Authority and Approval
   of Capacity Lease Agreement, *Iroquois Gas Transmission
   Sys., L.P.*, CP13-502, Accession No. 20260213-5321 (Feb 13,
   2026), *available at*
   https://elibrary.ferc.gov/eLibrary/docinfo?accession_number=
   20260213-5321&sid=42721372-e745-4168-807a-
   d04b682a98bf (last visited July 17, 2026)..............................8

Request for Rehearing on Order on Remand, *Constitution
   Pipeline Co., LLC & Iroquois Gas Transmission Sys., LP*,
   Docket Nos. CP13-499, CP13-502, CP18-5, Accession No.
   20260220-5285 at 7 (Feb. 20, 2026), *available at*
   https://elibrary.ferc.gov/eLibrary/docinfo?accession_number=
   20260220-5285&sid=42721372-e745-4168-807a-
   d04b682a98bf.............................................................................10

## PRELIMINARY STATEMENT

The issue animating the present petition and motion to dismiss is whether Constitution Pipeline Company, LLC (Constitution) may revive a FERC proceeding, which this Court directed be dismissed, without applying anew for a water-quality certification from DEC under section 401 of the Clean Water Act, 33 U.S.C. § 1341.

In 2021, after Constitution cancelled its proposed pipeline project, this Court found moot orders by FERC holding that DEC had waived its right to issue, or deny, water-quality certification. In a *Munsingwear*-type order,[1] this Court vacated those orders and remanded the matter to FERC "with instructions to dismiss the agency proceedings." That outcome was a victory for Stop the Pipeline, which had affirmatively sought vacatur. The order further benefited DEC and the environmental and community groups that similarly opposed Constitution's attempt to build its pipeline without considering the effect on water quality.

But FERC did not comply with this Court's order. Instead of dismissing Constitution's proceedings, it let them sit almost four years

---

[1] *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950).

and then, at Constitution's behest, purported to revive the dockets for those proceedings, albeit by using "subdockets," a term that—as shown below—signifies that the underlying proceeding remains extant. DEC therefore brought the instant petition to challenge the FERC orders that would circumvent this Court's direction to dismiss Constitution's proceeding.

FERC now seeks to dismiss DEC's petition, along with two others brought by environmental and community groups. DEC has previously moved for its petition to be placed in abeyance pending related proceedings that could resolve the issues raised. DEC still maintains that abeyance is the most reasonable and economical method of handling the present petitions. But if the Court declines to hold the petitions in abeyance, FERC's motion should be denied for the reasons set forth herein.

## BACKGROUND

### A.   Prior Litigation Over the Constitution Pipeline Project

In a 2014 consolidated order, FERC issued certificates of public convenience and necessity to Constitution for the construction of an interstate natural gas pipeline, 100 miles of which will be located in New

2

York State, and to Iroquois Gas Transmission, L.P. (Iroquois) for the construction of a compressor station and related facilities.[2] Various community and environmental groups petitioned this Court for review of that consolidated certification order.

While those petitions were pending, DEC denied Constitution's application for water-quality certification, a certification required by section 401 of the Clean Water Act, 33 U.S.C. § 1341. DEC concluded that Constitution had failed "to address the significant water resource impacts that could occur" from the pipeline project or "to provide sufficient information to demonstrate compliance with New York State water quality standards." *Constitution Pipeline Co. v. New York State Dep't of Evnt'l Conservation*, 868 F.3d 87, 96 (2d Cir. 2017). This Court affirmed DEC's denial of Constitution's application on the merits; however, the Court concluded that it lacked jurisdiction to resolve Constitution's argument that DEC had waived its authority to deny water-quality certification by allowing Constitution to withdraw and resubmit its

---

[2] *See* Order Issuing Certificates and Approving Abandonment, 149 FERC ¶ 61,199 (Dec. 2, 2014), *reh'g denied* 154 FERC ¶ 61,046 (Jan. 28, 2016), *vacated by* Order, *New York State Dep't of Envt'l Conservation v. FERC*, Case No. 19-4338, Doc. No. 166 (2d Cir. November 18, 2021).

application for that certification with more complete information. *Id.* at 99-103.

Having failed to overturn DEC's denial on the merits, Constitution petitioned FERC for an order allowing it to construct the pipeline project without water-quality certification from New York on the theory that New York had waived its water-quality certification authority.[3] FERC initially rejected Constitution's waiver claim, *see* Order on Petition for Declaratory Order, 162 FERC ¶ 61,014, at ¶ 23 (Jan. 11, 2018), and denied Constitution's request for rehearing, *see* Order Denying Rehearing, 164 FERC ¶ 61,029, at ¶ 2 (July 19, 2018). However, after the D.C. Circuit rendered its decision in *Hoopa Valley Tribe v. FERC*, 913 F.3d 1099 (D.C. Cir. 2019), FERC reversed course; issued an order concluding that DEC had waived its authority to issue or deny water-quality certification; and denied rehearing.[4] (FERC's August 28, 2019 waiver

---

[3] *See* Order on Petition for Declaratory Order, 162 FERC ¶ 61,014, at ¶ 1 (Jan. 11, 2018), *reh'g denied* 164 FERC ¶ 61,029 (July 19, 2018), *motion for voluntary remand granted*, *Constitution Pipeline Co., LLC v. FERC*, Docket No. 18-1251, Doc. No. 1775261 (D.C. Cir. Feb. 28, 2019).

[4] *See* Order on Voluntary Remand, 168 FERC ¶ 61,129, at ¶ 1 (Aug. 28, 2019), *reh'g denied* 169 FERC ¶ 61,199 (Dec. 12, 2019), *vacated by* Order, Case No. 19-4338, Doc. No. 161 (2d Cir. November 18, 2021).

order and the subsequent denial of rehearing are referred to together as the "waiver orders".)

DEC petitioned this Court for review of the waiver orders. *See New York State Dep't of Envt'l Conservation v. FERC*, 2d Cir. No. 19-4338, Doc. No. 1 (Dec. 30, 2019). The environmental groups and community organizations that had earlier challenged FERC's consolidated certification order also petitioned for review, *see Stop the Pipeline v. FERC*, 2d Cir. No. 20-158 (pet. filed Jan. 10, 2020); *Catskill Mountainkeeper, Inc. v. FERC*, 2d Cir. No. 20-208 (pet. filed Jan. 16, 2020), and this Court consolidated the three petitions, *see* Order, *New York State Dep't of Envt'l Conservation v. FERC*, 2d Cir. No. 19-4338, Doc. No. 38 (Feb. 14, 2020).

Thereafter, Constitution and Iroquois announced that they had cancelled the pipeline project and allowed their FERC certifications to lapse. FERC responded by moving to dismiss as moot the proceedings consolidated in this Court.[5] FERC stated that the matters were moot because the pipeline "is not being constructed"; Constitution had

---

[5] *See DEC v. FERC*, 2d Cir. No. 19-4338, Doc. No. 111 (Jan. 25, 2021); *Catskill Mountainkeeper, Inc. v. FERC,* 2d Cir. No. 16-345, Doc. No. 414 (Jan. 26, 2021); *Stop the Pipeline v. FERC*, 2d Cir. No. 16-361, Doc. No. 352 (Jan. 26, 2021).

"concluded regulatory proceedings relating to the cancelled pipeline"; and FERC's "deadline for completion of the project" had expired with "no requests for an extension pending in the agency docket." Motion to Dismiss, Doc. No. 111, *supra* n.5, at 5. FERC stated further that, on remand, it expected to "terminate the agency proceeding." Doc. No. 111, *supra* n.5, at 2.

DEC did not oppose FERC's motion, with the express understanding that because the certification order had expired, "any future attempt to develop the pipeline would require a new water-quality review" by DEC and the 2019 waiver order could "no longer be relied upon to preclude such review." DEC's Response to FERC's Motion to Dismiss, 2d Cir. No. 19-4338, Doc. No. 120, at 4 (Feb. 1, 2021). Similarly, the environmental groups did not oppose FERC's motion to dismiss, with the express understanding that the expiration of the certification order meant that "any attempt to revive the pipeline would require a new" application for a certificate of public convenience and necessity. *Id.*, Doc. No. 128, at 1 (Feb. 4, 2021).

The community group Stop the Pipeline requested additional relief: vacatur of FERC's waiver orders and the consolidated certification order.

6

*See* Stop the Pipeline's Response in Opposition, 2d Cir. No. 19-4338, Doc. No. 126-2 at 20-22 (Feb. 4, 2021). Stop the Pipeline pointed out among other things that if FERC's waiver orders were not vacated and the sponsors subsequently wished to revive the pipeline project, FERC might allow construction to proceed without water-quality certification from DEC. *Id.* at 19-20.

On November 18, 2021, this Court issued an order dismissing the consolidated petitions as moot, vacating the waiver and certification orders, and remanding to FERC "with instructions to dismiss the agency proceedings." *See DEC v. FERC,* No. 19-4338, Doc. No. 161 (2d Cir. Nov. 18, 2021) (Dismissal Order). In support, the Court cited *Radiofone, Inc. v. Fed. Commc'ns Comm'n,* 759 F.2d 936 (D.C. Cir. 1985), which found vacatur appropriate where an agency order was moot "for a reason that deprives the agency action of all operative effect." *See id.* at 941. The Court's mandate issued in January 2022. *See* Case No. 19-4338, Doc. No. 168 (2d Cir. Jan. 10, 2022) (Mandate).

**B. Constitution's 2025 Petition to Revive the Pipeline Project and the Present Petition by DEC**

FERC did not comply with the Dismissal Order and Mandate. Instead, on remand, FERC took no action.

Almost four years later, in December 2025, Constitution filed on the administrative dockets of the proceedings that this Court ordered dismissed (CP13-499 and CP18-5) a petition (Constitution's 2025 petition) asking FERC to reinstate approval of the pipeline in reliance on the very orders that this Court had vacated. Specifically, Constitution's 2025 petition asked FERC to "reissue" its certification order and "reaffirm" its waiver order.[6] FERC publicly noticed Constitution's 2025 petition and solicited comments, protests, and interventions on the merits. *See*

---

[6] Petition of Constitution Pipeline Co., LLC for Reissuance of Certificate and Reaffirmance of Waiver Determination, *Constitution Pipeline Co., LLC*, CP13-499 & CP18-5, Accession No. 20251219-5626 (Dec. 19, 2025). Iroquois filed a similar petition on administrative docket CP13-502, asking FERC to approve its planned compressor station based on the vacated certification order. *See* Petition of Iroquois Gas Transmission System, L.P. for Expedited Reissuance of Certificate Authority and Approval of Capacity Lease Agreement, *Iroquois Gas Transmission Sys., L.P.*, CP13-502, Accession No. 20260213-5321 (Feb 13, 2026). (The full URLs for all links are in the Table of Authorities.)

8

*Constitution Pipeline Co., LLC*, Notice of Petition and Establishing Intervention Deadline, 91 Fed. Reg. 1311 (Jan. 13, 2026).

Concerned that FERC was accepting Constitution's invitation to entertain a petition to "reaffirm" the vacated waiver orders on the merits as part of the very same administrative dockets that FERC was mandated to dismiss, DEC and other parties submitted letters objecting to FERC's consideration of the merits of Constitution's 2025 petition.[7]

In response, FERC issued an Order on Remand. Petition, 2d Cir. Case No. 26-1422, Doc. No. 1, Ex. A. The Order on Remand purported to "confirm" that the agency proceedings subject to the Second Circuit's mandate "are dismissed." *See id.* at 4. Yet FERC also stated that it was "not in any way pre-judging" Constitution's 2025 petition to revive the defunct pipeline project. *Id.* at 3. FERC further denied that Constitution's

---

[7] *See* Letter from John Broderick to Robert H. Solomon, *Constitution Pipeline Co., LLC & Iroquois Gas Transmission Sys., LP*, Docket Nos. CP13-499, CP13-502, CP18-5, Accession No.20260114-5019 (Jan. 14, 2026); Letter from Todd D. Ommen to Robert H. Solomon, *Constitution Pipeline Co., LLC & Iroquois Gas Transmission Sys., LP*, Docket Nos. CP13-499, CP13-502, CP18-5, Accession No. 20260115-5008 (Jan. 15, 2026); Letter from Moneen Nasmith to Robert H. Solomon, *Constitution Pipeline Co., LLC & Iroquois Gas Transmission Sys., LP*, Docket Nos. CP13-499, CP13-502, CP18-5, Accession No. 20260116-5126 (Jan. 16, 2026).

2025 petition was filed on a "defunct" docket and instead took the position that the Constitution's 2025 petition was permissibly "noticed on *new* subdockets." *Id.* at 4 (emphasis in original). As authority for allowing Constitution to take that step, FERC relied on its "broad discretion to manage its docket." *Id.* at 5 (internal quotation marks and citation omitted). In any event, FERC asserted, "nothing" in the Dismissal Order and Mandate barred filings on "dismissed," "terminated," or "defunct" dockets. *Id.* at 4-5 (internal quotation marks omitted).

DEC sought rehearing of the Order on Remand, arguing that FERC had violated the mandate rule, which prohibits relitigation of issues decided by an appellate court.[8] DEC contended that this Court's Dismissal Order and Mandate precluded FERC from taking any action on the merits of Constitution's request to approve its pipeline project in reliance on the orders vacated by this Court, among other reasons, because FERC lacked jurisdiction to "reaffirm" its prior waiver orders but rather could do no more that grant new certificates of authority once

---

[8] *See* Request for Rehearing on Order on Remand, *Constitution Pipeline Co., LLC & Iroquois Gas Transmission Sys., LP*, Docket Nos. CP13-499, CP13-502, CP18-5, Accession No. 20260220-5285 at 7 (Feb. 20, 2026).

10

again conditioned on Constitution's ability to obtain among other things water-quality certification from DEC.

DEC also filed a notice of intervention, motion to dismiss, protest, and answer in opposition to Constitution's 2025 petition.[9] As of this writing FERC has not acted on the merits of Constitution's 2025 petition.

DEC's request for rehearing was denied by operation of law on or about March 26, 2026. *See* Petition, 2d Cir. Case No. 26-1422, Doc. No. 1, Ex. B. FERC then dismissed the rehearing request on May 19, 2026. *See* Petition, 2d Cir. Case No. 26-1422, Doc. No. 1, Ex. C. FERC asserted that DEC was not aggrieved by the Order on Remand because that order "simply confirmed that the prior proceedings" were "dismissed," and did not purport to pre-judge the merits of the newly filed petitions. *Id.* at 3, 6. But FERC simultaneously asserted that the Order on Remand, despite purporting to dismiss the prior administrative proceedings, was non-final and thus not subject to rehearing at all. *Id.* at 7-8. And FERC made no

---

[9] *See* Notice of Intervention, Motion to Dismiss, Protest, and Answer in Opposition to Petition for Reissuance of Certificate and Reaffirmance of Waiver Determinations, *Constitution Pipeline Co., LLC*, Docket Nos. CP13-499, CP18-5, Accession No. 20260128-5062 (Jan. 28, 2026).

11

attempt to grapple with DEC's argument that this Court's Dismissal Order and Mandate precluded FERC from authorizing the pipeline project in reliance on the vacated orders. Instead, FERC asserted that the Dismissal Order did not forbid FERC "from giving consideration to a new filing." *Id.* at 9.

Consequently, DEC commenced the present proceeding in this Court challenging FERC's Order on Remand, notice of denial, and order dismissing requests for rehearing. The other petitioners in the prior litigation over FERC's certification and waiver orders commenced similar proceedings in Case Nos. 26-1387 and 26-1437. Constitution and Iroquois both moved to intervene in support of FERC in this proceeding, 2d Cir. Case No. 26-1422, Doc. Nos. 12, 15, and in the other petitioners' similar proceedings, *see* 2d Cir. Case No. 26-1387, Doc. Nos. 15, 21; 2d Cir. Case No. 26-1437, Doc. Nos. 14, 17.

In a motion filed June 9, 2026, DEC moved to consolidate its proceeding with those of the other petitioners and hold the consolidated proceedings in abeyance until FERC acts on the merits of Constitution's 2025 petition and the objections raised by DEC and other parties. *See* 2d Cir. Case No. 26-1422, Doc. No. 10. FERC opposed the motion, contending

12

that DEC's petition should instead be dismissed. *See* 2d Cir. Case No. 26-1422, Doc. No. 14 at 2. However, FERC conceded that, if the Court declined to dismiss DEC's petition, the Court should consolidate the cases and hold them in abeyance as DEC requested. *Id.*

At the same time, FERC affirmatively moved for dismissal of the petitions brought by DEC and the environmental and community groups to challenge the Order on Remand. 2d Cir. Case No. 26-1422, Doc. No. 13 (FERC Motion to Dismiss). For the reasons set forth below, FERC's motion should be denied.

## ARGUMENT

### POINT I

#### THE PETITION IS NOT PREMATURE BUT, SHOULD THE COURT HAVE DOUBTS, THE PETITION SHOULD BE HELD IN ABEYANCE

The petition is not premature, as FERC contends. To be sure, FERC belatedly issued an Order on Remand purporting to "dismiss the agency proceedings," as this Court's Dismissal Order and Mandate directed it to do. *See* 2d Cir. Case No. 19-4338, Doc. Nos. 161, 168 (2d Cir. Jan. 10, 2022). Nonetheless, FERC's actions establish that those agency

13

proceedings remain extant and that FERC intends to consider Constitution's 2025 petition on the merits.

Specifically, FERC placed that petition (and the related petition of Iroquois) on new "subdockets." *See, e.g.,* FERC Motion to Dismiss at 6, 7, 8, 15-16, 20; 2d Cir. Case No. 26-1422, Doc. No. 1, Ex. A at 3, 4. While FERC contends that a subdocket signifies a new case, that contention is not only contrary to FERC's longstanding practice but also contradicts the agency's own statements. As FERC has itself explained: "The sub-docket is the three-digit number after the Project number (P-12345-678) and helps identify and group documents that pertain *to a specific proceeding*." FERC, Hydropower Filing Guide at 3 (updated July 2020) (emphasis added). FERC "typically assigns a root docket number to an initial filing and then adds subdockets to later filings *in the same proceeding*." Order Establishing Procedures Relating to Tariffs Filed Electronically, 130 FERC ¶ 61047, at 6 n.14 (2010) (emphasis added). Thus, for a subdocket to be created, the "same proceeding" that this Court ordered dismissed must necessarily still exist and be active.

FERC's continued use of those subdockets for the proceedings that this Court ordered dismissed thus violates the mandate rule, which

14

precludes litigation of matters expressly or impliedly resolved by the appellate court's mandate. *See Statek Corp. v. Dev. Specialists, Inc. (In re Coudert Bros., LLP)*, 809 F.3d 94, 99 (2d Cir. 2015). As the U.S. Supreme Court long ago explained, "an inferior court has no power or authority to deviate from the mandate issued by an appellate court." *Briggs v. Pennsylvania R. Co.,* 334 U.S. 304, 306 (1948). That rule applies equally to administrative agencies, including FERC. *See Office of Consumer Counsel v. FERC,* 826 F.2d 1136, 1140 (D.C. Cir. 1987).

Additionally, FERC specifically stated that it was "not in any way pre-judging" Constitution's 2025 petition to revive the defunct pipeline project. Order on Remand at 3. That petition, however, seeks "reaffirmance" of FERC's prior waiver orders, notwithstanding that this Court vacated those orders. To revive the project, Constitution must start over with a new application for water-quality certification from DEC. The very fact that FERC has nonetheless signaled its willingness to consider Constitution's 2025 petition on the merits strongly suggests that FERC is poised to proceed in excess of its jurisdiction.

Accordingly, although FERC's Order on Remand purported to dismiss the old proceedings in accordance with this Court's mandate,

15

FERC violated that mandate by affirmatively establishing subdockets for Constitution's 2025 petition as well as that of Iroquois.

Nevertheless, DEC recognizes that the need to review its petition could be obviated by FERC's ruling on the merits of Constitution's 2025 petition. After all, FERC could deny Constitution's 2025 petition. That is precisely why DEC moved to consolidate the related petitions before the Court and then to hold the consolidated proceeding in abeyance pending FERC's merits ruling. *See* 2d Cir. Case No. 26-1422, Doc. No. 10 at 1, 8, 13-16.

If, however, FERC grants the administrative petitions before it and denies DEC the right to review the water-quality impacts of the new pipeline project, then FERC should be bound by the position it has taken in the underlying motion and permit DEC to seek rehearing from FERC and then review in this Court. At that time, the present petition could be consolidated with the expected petition(s) for review of the merits decision, allowing all issues to be heard at the same time. *Id.*

16

## POINT II

### FERC's Arguments for Dismissal Should Be Rejected

FERC offers three arguments for dismissing DEC's present petition, arguments that Constitution and Iroquois have echoed (*see* 2d Cir. Case No. 26-1422, Doc. No. 22). As shown below, none of those arguments warrants dismissal.

### A. DEC Is Aggrieved by the Order on Remand.

FERC is mistaken in asserting that DEC is necessarily not "aggrieved" by the Order on Remand within the meaning of the Natural Gas Act, 15 U.S.C. § 717r(b). *See* FERC Motion to Dismiss at 9.

Aggrievement under the Natural Gas Act "is essentially fact-specific." *ANR Pipeline Co. v. FERC*, 771 F.2d 507, 515 (D.C. Cir. 1985). Whether a party is aggrieved under 15 U.S.C. § 717r(b) "is not controlled by any general rule but must be determined on the basis of the specific facts in each case." *Northwestern Pub. Serv. Co. v. Fed. Power Comm'n*, 520 F.2d 454, 457 (D.C. Cir. 1975).

Here, DEC is aggrieved by the Order on Remand because FERC's disregard of this Court's Dismissal Order and Mandate "will adversely affect [DEC's] rights or obligations." *N. Car. Utils. Comm'n v. FERC*, 653

17

F.2d 655, 662-63 (D.C. Cir. 1981). Under this Court's Dismissal Order, DEC had a right to vacatur of FERC's waiver orders and dismissal of Constitution's proceeding to enforce a purported waiver of DEC's right to issue or deny water-quality certification under the Clean Water Act. That vacatur and dismissal are of value to DEC because they assured DEC a right to consider the water-quality impacts of any new Constitution Pipeline project. And that consideration furthers DEC's statutory mission to "[p]romote and coordinate management" of water resources to "assure their protection, enhancement, provision, allocation, and balanced utilization consistent with the environmental policy of the state." ECL § 3-0301(1)(b).

FERC's claim that DEC "invited" the Order on Remand (FERC Motion to Dismiss at 9-10) is incorrect. While DEC urged FERC to comply with this Court's mandate, the Order on Remand did not "simply" confirm that the prior agency proceedings addressed in 2d Cir. Case Nos. 16-345 and 19-4338 were dismissed, as FERC now suggests. *See* FERC Motion to Dismiss at 9; *see also id.* at 14 (similar). Rather, the Order on Remand confirmed that FERC would entertain Constitution's 2025 petition and would do so on subdockets of the proceedings that FERC should have

18

dismissed in 2022 in compliance with the Dismissal Order and Mandate. *See* Order on Remand at 3-4. DEC did not ask FERC to do that; to the contrary, DEC objected to such a process, sought rehearing, and challenged FERC's orders in the present petition to this Court.

## B.  DEC Has Standing to Bring the Petition.

FERC's argument that DEC lacks standing to bring the petition (FERC Motion to Dismiss at 10-11) is based on the incorrect premise that DEC was not injured by the Order on Remand. DEC has suffered injury sufficient to support constitutional standing.

DEC benefited from this Court's Dismissal Order and Mandate, which directed that the Constitution Pipeline case be dismissed. Instead of complying with the Mandate, however, FERC's Order on Remand allowed Constitution's proceeding to continue under "subdocket" numbers—the use of which, as shown above, shows that the original proceeding remains extant.

DEC's interest in enforcing this Court's Dismissal Order and Mandate is sufficient to confer standing. DEC is not seeking to vindicate the rights of third parties; rather, it acts on its own behalf as an enforcement agency. Therefore, "as a party to the proceeding in which the court's order

19

is sued, New York has standing to enforce compliance with that order." *People v. Operation Rescue Nat.*, 80 F.3d 64, 71 (2d Cir. 1996). The injury to DEC from FERC's Order on Remand, which would allow the agency to circumvent the Dismissal Order and Mandate, would be "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms,* 561 U.S. 139, 149 (2010). Because DEC's injury is caused by FERC's failure to comply with the Dismissal Order and Mandate—the very orders that DEC seeks to enforce—it would be redressed by a favorable ruling from the Court. *See id.* at 150.

Standing under the Natural Gas Act exists as well. To have standing under the Act, a party must be aggrieved by an order that FERC issued in the proceeding. 15 U.S.C. § 717r(b). As discussed above, DEC is aggrieved by the Order on Remand, which would circumvent this Court's dismissal of Constitution's petition for a finding of waiver.

## C.   FERC's Failure to Comply with this Court's Dismissal Order and Mandate Is Sufficiently Final to Warrant Judicial Review.

FERC's last argument, that DEC has not challenged a final action, is mistaken as well. The Natural Gas Act authorizes judicial review to be

20

obtained by "[a]ny party to a proceeding under this chapter aggrieved by an order issued by the Commission in such proceeding." 15 U.S.C. § 717r(b). Congress undoubtedly knew what a "final agency action" was. *See, e.g.,* 5 U.S.C. § 704 (provision of Administrative Procedure Act authorizing review of "final agency action"). Yet Congress did not include such a phrase in section 717r(b).

This Court should therefore reject FERC's suggestion that the statute imposes a finality requirement for review. Courts must avoid the "temptation" to "read into statutes words that aren't there." *Romag Fasteners, Inc. v. Fossil, Inc.*, 590 U.S. 212, 215 (2020); *see also Knight First Amendment Inst. v. U.S. Citizenship & Immigration Servs.*, 30 F.4th 318, 331 (2d Cir. 2022) ("It is not the province of courts to add words to statutes that Congress has enacted.").

The Natural Gas Act's structure weighs against imposing the finality requirement that FERC seeks to establish. The Act contains a strict bar provision: "No proceeding to review any order of the Commission shall be brought by any person unless such person shall have made application to the Commission for a rehearing thereon." 15 U.S.C. § 717r(a). Further, as a general matter: "No objection to the order of the

21

Commission shall be considered by the court unless such objection shall have been urged before the Commission in the application for rehearing." 15 U.S.C. § 717r(b). And once a petition for rehearing is decided, an unsuccessful party has 60 days in which to seek judicial review. 15 U.S.C. § 717r(b). Together, those provisions require parties to seek rehearing of orders to which they object and then seek judicial review if they object to the decision on rehearing. That is what DEC did here to preserve its rights.

To be sure, some regulatory actions are so ephemeral that they do not warrant review in the Court of Appeals. That is why courts, as a prudential matter, have denied review if an order is not sufficiently final. *See Pub. Utilities Comm'n of Cal. v. FERC*, 894 F.2d 1372, 1377 (D.C. Cir. 1990) (cited in FERC's Motion to Dismiss at 12). That "pragmatic" inquiry involves balancing factors such as whether immediate review will interfere with or frustrate the administrative process; increased burden on the courts; and the risk of multiple reviews where one would be more economical. *See id.* at 1377-78.

Here, if the petition is not held in abeyance, all relevant factors support review. This Court has already ruled on the issue at hand in its

22

Dismissal Order and Mandate; DEC simply needs this Court to enforce that ruling. Doing so would not interfere with or frustrate the administrative process any more than the original Dismissal Order and Mandate did. Rather, it would ensure that FERC's process complies with the law of this Court. And once FERC has complied with the Dismissal Order and Mandate, Constitution will be free to commence a new administrative process—not a duplicative one—applying for a new water-quality certification from DEC and proceeding without interruption thereafter.

## CONCLUSION

FERC's motion to dismiss should be denied.

Dated: July 27, 2026

                Respectfully submitted,

                LETITIA JAMES
                 *Attorney General*
                 *State of New York*
                Attorney for Petitioner

        By:   */s/ Frederick A. Brodie*
                FREDERICK A. BRODIE
                Assistant Solicitor General
                The Capitol

ANDREA OSER
 *Deputy Solicitor General*
FREDERICK A. BRODIE
 *Assistant Solicitor General*
     *of Counsel*

                Albany, New York 12224
                (518) 776-2317
                Frederick.Brodie@ag.ny.gov

24

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that the foregoing memorandum complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because the body of the memorandum (excluding the cover, tables, signature block, and this certificate) contains 4,459 words.

I further certify that this memorandum complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in Century Schoolbook 14-point font using Microsoft Word.

/s/ *Frederick A. Brodie*
Frederick A. Brodie
Assistant Solicitor General